INHABITANTS OF NORTH YARMOUTH *vs.* CITY OF PORTLAND.

Cumberland.    Opinion December 31, 1881.

*Pauper.    Emancipated minor, settlement of.*

An emancipated minor cannot acquire a settlement by having his home in any particular town for five successive years.

To acquire a settlement in his own right, by the sixth mode, a person must reside in a town five years after he has attained his majority.

ON REPORT from superior court.

An action for pauper supplies furnished one Sherwood.

To maintain the issue the plaintiff offered to prove that the alleged pauper was emancipated when he was fifteen years of age, and from that time resided and had his home in the city of Portland, until he was twenty-five years and six months old, when he moved away. Thereupon it was agreed to submit the case to the law court, to determine the question whether by such emancipation and residence, the pauper gained a settlement in Portland in his own right; if the court decide that he did, the case to stand for trial; otherwise judgment to be for the defendant.

*Drummond and Drummond*, for the plaintiffs.

We rely upon *Lowell* v. *Newport*, 66 Maine, 78, and cases therein cited. "In our own State the doctrine that a minor, emancipated, may gain a settlement independent of the parent, and from the time the emancipation ceases to follow that of the parent has been recognized and followed by a long and unbroken series of cases." *Id.* p. 86.

*Clarence Hale*, city solicitor, for the defendant, after commenting on *Lowell* v. *Newport*, 66 Maine, 78, cited: R. S., c. 24, § 1; *Veazie* v. *Machias*, 49 Maine, 105; *Hampden* v. *Troy*, 70 Maine, 484; *Endicott* v. *Hopkinton*, 125 Mass. 521; *Worcester* v. *Springfield*. 127 Mass. 540.

VIRGIN, J. The question expressly presented by this record is: Did a minor, emancipated at fifteen years of age, acquire a settlement *suo jure*, by having his home continuously thereafter in the city of Portland until he was twenty-five years and six months of age?

It would seem as if the statute answered this question beyond all cavil in the negative. R. S., c. 24, § 1, provides that "settlements are acquired as follows;" and then proceeds to enumerate and describe eight distinct modes of acquisition and the persons to which each mode is applicable. By the sixth mode, "a person of age," describes the person and "having his home in a town five sucessive years," etc. the mode of acquiring a settlement. And the statute contains no provision that a person under age can gain a settlement by such a five years residence.

As early as 1833, this court seemed to have no doubt upon this question. In deciding that the words "any person" as used in the seventh in the original St. 1821, c. 122, § 1, embraced emancipated minors, PARRIS, J., speaking for the court, said: "That this branch of the statute was intended to embrace minors under certain circumstances, as well as persons of full age, is manifest from the phraseology of the paragraph immediately preceding it, which provides that a residence of five years shall give a settlement, provided the person thus residing be of the age of

twenty-one years. The change of language indicates the intention that the one case shall be limited to persons of full age, the other not." *Leeds* v. *Freeport*, 10 Maine, 356, 360. And although the construction of the sixth mode was not then before the court, the opinion of the court was expressed upon it; and we are not aware that any intimation to the contrary has since been expressed.

To be sure, when discussing other clauses of the statute, the court have dropped some general remark, that a minor cannot acquire a settlement in his own right unless emancipated; (*Milo* v. *Kilmarnoc*, 11 Maine,455,) or that emancipated minors may gain a settlement in their own right; (*Oldtown* v. *Falmouth*, 40 Maine, 108,) or independent of the parent; (*Lowell* v. *Newport*, 66 Maine, 86); but these general remarks should be read in connection with the clause of the statute then under discussion, and when so applied they are sound law, as will be seen by the numerous cases cited in the margin of the statute under the various clauses of R. S., c. 24, § 1. Mr. Justice BARROWS' general statement was more guarded, viz: "A minor, who, while living with his parents, can have only a derivative settlement, if emancipated may acquire a settlement in his own right, in any mode provided in the settlement acts applicable to persons under twenty-one years of age." *Munroe* v. *Jackson*, 55 Maine, 55, 58.

There is no case in this state wherein the court has ever intimated that an emancipated minor might acquire a settlement by the sixth mode; but on the contrary, it has been expressly decided that he could not. *Veazie* v. *Machias*, 49 Maine, 105; see also, *Hampden* v. *Troy*, 70 Maine, 484; *W. Gardiner* v. *Manchester*, 72 Maine, 509.

The pauper could not, therefore, gain a settlement while he was a minor, although he resided in Portland six years after emancipation. Neither did he acquire a settlement by his residence there after he attained his majority; for after that time his residence there was less than five years, and a residence of five years by "a person of age" is what the statute calls for. He could not begin to acquire a settlement by this mode until

the disability of his minority ceased, the law not allowing any of the years of his residence while under age to be tacked to those after age to make up the requisite number.

*Judgment for the defendant.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.